IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES MUHAMMAD,                        No. CIV.S-06-2049 LKK DAD PS

      Plaintiff,

  v.                                     <u>ORDER</u>

CHRISTOPHER S. BOND,
et al.,

      Defendants.
_____/

      Plaintiff Charles Muhammad, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

      The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any

1

time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court shall dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. See Neitzke, 490 U.S. at 327; see also 28 U.S.C. § 1915(e).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). Furthermore, the court must construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the

1  current action is frivolous or fails to state a claim for relief.
2  The court has determined that the complaint does not contain a short
3  and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although
4  the Federal Rules adopt a flexible pleading policy, a complaint must
5  give fair notice and state the elements of the claim plainly and
6  succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th
7  Cir. 1984). Plaintiff must allege with at least some degree of
8  particularity overt acts which defendants engaged in that support
9  plaintiff's claim. <u>Id.</u>

10         Plaintiff's complaint fails to meet these requirements.
11  The one-page complaint names ten United States Senators as
12  defendants. No facts are alleged other than the brief and conclusory
13  assertions that defendants violated plaintiff's Fourth, Fifth, Sixth
14  and Eight Amendment rights. The complaint lacks sufficient detail
15  for the court to decipher the intended crux of this action. The
16  matter is further confused by the caption of the complaint, which
17  refers to the nations of Argentina, Guyana, Bolivia and Ecuador as
18  additional plaintiffs. Of course, a pro se plaintiff is not able to
19  represent those countries in this action. See <u>Johns v. County of San
20  Diego</u>, 114 F.3d 874, 876 (9th Cir.1997) ("While a non-attorney may
21  appear pro se on his own behalf, he has no authority to appear as an
22  attorney for others than himself.") For these reasons, the court
23  finds that the complaint's vague allegations do not amount to a short
24  and plain statement of a claim showing that plaintiff is entitled to
25  relief or set forth any factual allegations giving rise to federal
26  jurisdiction. See Fed. R. Civ. P. 8(a)(1), (2).

1       Additionally, while there are no allegations of any
2  specific acts purportedly undertaken by the various defendants, the
3  court notes that legislative immunity shields legislators from having
4  to defend against lawsuits based on the conduct of legitimate
5  legislative activity.  <u>Supreme Court of Virginia v. Consumers Union
6  of the United States</u>, Inc., 446 U.S. 719, 731-732 (1980).
7       Because of these deficiencies, plaintiff's complaint must
8  be dismissed.  Nonetheless, the court will grant leave to file an
9  amended complaint.  If plaintiff chooses to amend the complaint, he
10 must set forth the grounds upon which the court's jurisdiction
11 depends.  Moreover, the amended complaint must include clear and
12 concise factual allegations describing the events which underlie
13 plaintiff's claims.
14      In addition, plaintiff is informed that the court cannot
15 refer to a prior pleading in order to make plaintiff's amended
16 complaint complete.  Local Rule 15-220 requires that an amended
17 complaint be complete in itself without reference to any prior
18 pleading.  This is because, as a general rule, an amended complaint
19 supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57
20 (9th Cir. 1967).  Once plaintiff files an amended complaint, the
21 initial complaint no longer serves any function in the case.
22 Therefore, in an amended complaint, as in an original complaint, each
23 claim and the involvement of each defendant must be sufficiently
24 alleged.  Any amended pleading which fails to provide the necessary
25 factual description will likely be dismissed.
26 /////

4

Plaintiff is forewarned that the failure to file an amended complaint which complies with this order will result in a recommendation that this action be dismissed.

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff Charles Muhammad's request for leave to proceed in forma pauperis is granted;

2. Plaintiff's complaint is dismissed; and

3. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint, if any, must bear the docket number assigned this case and must be labeled "Amended Complaint". Plaintiff must file an original and two copies of the amended complaint.

DATED: December 19, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.prose\muhammad2049.ifp.lta